**Metzger**
v.
**McCullion, Registrar**
*[Cite as 4 AOA 220]*

Case No. L-89-170
Lucas County, (6th)
Decided June 15, 1990

*George R. Royer, for Appellant.*

*Sheilah H. McAdams, for Appellee.*

HANDWORK, P.J.

Appellant, Melvin Metzger, brings this appeal to challenge the suspension of his driver's license. The suspension was originally implemented by the Ohio Bureau of Motor Vehicles following appellant's refusal to submit to chemical testing upon arrest for driving under the influence of alcohol. The suspension was upheld by the Maumee Municipal Court in a May 18, 1989 journal entry.

The events which led to the suspension of appellant's driver's license began on May 26, 1988, just before noon. The record in this case indicates that appellant was involved in a three car accident near the intersection of Glendale and Detroit Avenues. Toledo Police Officer Dennis Reed was called to the scene after the accident had already occurred. Upon his arrival, Officer Reed checked the drivers in the first and third cars. Since both drivers had injuries, Officer Reed called for ambulances and arranged for the drivers to be taken to hospitals. After Officer Reed made the arrangements necessary to transport the injured drivers to hospitals, appellant approached Officer Reed from across the street. Appellant acknowledged that he was the driver of the second car and was involved in the accident. In a hearing conducted on April 11, 1989, in the Maumee Municipal Court, Officer Reed testified that his initial contact with appellant gave him some reason to believe there were unusual symptoms in appellant's behavior. Officer Reed testified that he observed that appellant's speech was a little slurred. Officer Reed instructed appellant to walk a line up and back and testified that appellant did walk the line, "but he was a little unsteady." Officer Reed testified that appellant's breath smelled slightly of intoxicants.

After making these observations, Officer Reed testified that he continued to care for other matters associated with the accident such as taking statements, determining the locations to which the other drivers were being transported, and obtaining driver's license information from all drivers. Appellant was placed under arrest by Officer Reed and was transported to the Lucas County Jail. Officer Reed testified that he arrived with appellant at the Lucas County Jail a good hour after Officer Reed's initial appearance at the accident scene. Upon their arrival at the jail, Officer Reed accompanied appellant to booking, where they remained for approximately fifteen minutes. Appellant was then taken by Officer Reed to the room occupied by the operator of the breath test. Appellant remained in the room approximately four to five minutes. Appellant was advised of his right to refuse the breath test and of the consequences should he exercise that right. Appellant requested an opportunity to speak with his attorney and was escorted to a telephone. After speaking with his attorney, appellant returned to the intoxilyzer room and refused the test.

Notification of appellant's refusal to submit to the breath test was sent to the Ohio Bureau of Motor Vehicles, Department of Highway Safety. On June 13, 1988, a notice of suspension of driver's license was sent to appellant by the Ohio Bureau of Motor Vehicles by certified mail. On July 27, 1988, appellant filed a complaint in the Maumee Municipal Court, challenging the suspension of his driver's license. Hearings were conducted in the Maumee Municipal Court, first on April 11, 1989, and again on May 16, 1989. The hearing was continued from April 11, 1989, to May 16, 1989, at appellant's request. Appellant's reason for requesting the continuance was a desire to be able to testify on his own behalf without fear that his testimony in the proceedings relating to the suspension of his driver's license would be used in proceedings in the Toledo Municipal Court relating to criminal charges for driving under the influence. When appellant requested the continuance on April 11, 1989, appellant indicated to the court that the proceedings in the Toledo Municipal Court were scheduled to occur on May 11, 1989. However, when appellant returned to the Maumee Municipal Court on May 16, 1989, appellant immediately requested another continuance. Appellant informed the court that the Toledo Municipal Court proceedings were rescheduled to July 27, 1989. Appellant's request for a continuance was denied and the hearing was held on May 16, 1989.

Officer Reed was the sole witness at both hearings. As previously indicated, Officer Reed's testimony on April 11, 1989, dealt primarily with his observations and actions upon his arrival at the scene of the accident on May 26, 1988. In addition, Officer Reed testified about what occurred after appellant was arrested and transported to the Lucas County Jail. On May 16, 1989, Officer Reed was again called as upon cross-examination by appellant. Officer Reed was asked about testimony which he had given in a suppression hearing relating to the criminal which was pending in the Toledo Municipal Court. Officer Reed confirmed that the only

person cited during the accident was appellant. Officer Reed confirmed that he did not cite either appellant or the driver of the third car for failure to keep an assured clear distance. Officer Reed also confirmed that he had testified at the suppression hearing that he had administered the dropped coins test to appellant at the scene of the accident as part of a field test. Officer Reed testified on May 16, 1989, that appellant's performance in the dropped coin test, in which appellant was instructed to retrieve coins which Officer Reed had dropped to the ground, was not bad. Officer Reed conceded that he did not observe how appellant was driving, as he arrived only after the accident had already occurred. Officer Reed also admitted that he had no physical evidence to dispute appellant's version of the accident. Officer Reed's report of the accident included appellant's version, which stated that appellant's vehicle was hit from behind by the third vehicle involved in the accident and was forced into the first car involved in the accident.

On redirect, Officer Reed testified that he made his determination that appellant should be arrested based on the field test he conducted and witness statements he took. Appellant objected to the introduction of any witness statements through Officer Reed, contending that those statements were hearsay. The court overruled the objection and allowed Officer Reed to testify about witness statements to show that Officer Reed had reasonable grounds for the arrest of appellant. The court cautioned that the statements were not included to prove the truth of the matter asserted. Officer Reed then told the court that he had taken a statement from a witness who had followed appellant's car from the Anthony Wayne Trial south toward Glendale Avenue. The witness saw appellant throw an item from his car window which appeared to be a brown bottle. The witness indicated that appellant was driving erratically, weaving back and forth from one lane to another. The witness stated that while she was driving west on Glendale past Detroit Avenue appellant's car was located in the left lane, and the witness's car was in the right lane. The witness told Officer Reed that appellant's car began to drift over into the right lane. The witness blew her horn, and drove up over the right curb to avoid an accident. Appellant swerved back into the left lane and hit an automobile travelling down the left lane ahead of appellant. The automobile behind appellant's vehicle then hit appellant's car. Officer Reed then indicated that his expert opinion, not con-

sidering the witness's statements, was that appellant was under the influence of alcohol at the time of his arrest.

At the conclusion of Officer Reed's testimony, appellant again renewed his request for a continuance so that appellant could testify following the criminal trial to be held in Toledo Municipal Court. Appellant also requested an opportunity to submit briefs, rather than a closing argument. Both requests of appellant were denied.

On May 18, 1989, the Maumee Municipal Court filed a journal entry. The journal entry indicated that appellant's requests for continuance were denied because appellant's Fifth Amendment rights were not violated, since appellant could still decide whether or not he wished to testify. The court further indicated that the suspension of appellant's driver's license was valid. The court listed the following reasons to support the affirmance of the suspension of appellant's driver's license:

"(1) the arresting officer had reasonable grounds to believe appellant was operating a motor vehicle under the influence of alcohol at the time of appellant's arrest;

"(2) appellant was properly advised of the consequences of his refusal to submit to a chemical test;

"(3) the arresting officer had jurisdiction to make the arrest; and

"(4) appellant did refuse to take the test. On May 26, 1989, a second journal entry was filed by the Maumee Municipal Court. The journal entry suspended appellant's license for one year from the date of May 26, 1989, and denied appellant occupational driving privileges. On may 26, 1989, appellant filed a notice of appeal and a motion for a stay on the suspension of appellant's driver's license pending the appeal. The Maumee Municipal Court issued an order on the same date granting the motion for a stay of execution."

Appellant raises three assignments of error which state:

"1. THE COURT ERRED IN DISMISSING APPELLANT'S PETITION OR REFUSING TO GRANT SAME.

"2. THE COURT ERRED IN PERMITTING THE ARRESTING OFFICER TO TESTIFY TO AND OTHERWISE UTILIZE HEARSAY TESTIMONY AS A BASIS FOR HIS REASONABLE CAUSE OR PROBABLE CAUSE BASIS IN ARRESTING APPELLANT FOR SUSPICION OF DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL.

"3. THE COURT ERRED IN REFUSING TO CONTINUE THE BALANCE OF THE TRIAL (HEARING) HEREIN UNTIL AFTER PETITIONER'S TRIAL ON THE ORIGINAL DUI CHARGES HEREIN."

R.C. 4511.191 (effective October 20, 1987)[1] governs appellant's challenge of the suspension of his driver's license. R.C. 4511.191(F) provides for a challenge of a suspension notice sent by the Ohio Department of Motor Vehicles. The court in which the challenge is filed is to hold a hearing and:

"The scope of the hearing is limited to the issues of whether the law enforcement officer had reasonable ground to believe the petitioner was operating a vehicle upon the public highways within this state while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with a prohibited concentration of alcohol in the blood, breath, or urine, whether the petitioner was placed under arrest, whether the petitioner refused to submit to the chemical test upon the request of the officer, and, if the petitioner refused, whether he was advised of the consequences of his refusal." R.C. 4511.191(F).

R.C. 4511.191 also states:

"In hearing the matter and in determining whether the person has shown error in the action taken by the registrar * * * the court shall decide the issue upon any relevant, competent, and material evidence that either the registrar of the person whose operator's or chauffeur's license or permit has been suspended submits." R.C. 4511.191(G)(2).

The Supreme Court of Ohio has stated that this standard compels a petitioner to prove his or her case by a preponderance of the evidence. *Hoban* v. *Rice* (1971), 25 Ohio St. 2d 111, 116. In addition, the Supreme Court of Ohio has characterized the proceedings pursuant to R.C. 4511.191 as civil, rather than criminal. *Id.* at 116. On appeal, we must review the record to determine whether there is some competent, credible evidence to support the lower court's ruling. We adopt the standard of competent, credible evidence, which is generally employed in civil cases even though this is an administrative appeal brought pursuant to R.C. 4511.191, because an administrative appeal brought pursuant to R.C. 4511.191 is different in nature from most administrative appeals. The difference in nature is that an administrative appeal conducted pursuant to R.C. 4511.191 compels the lower appellate court to hear testimony from witnesses and to engage in credibility determinations relating to those witnesses.

With these standards in mind, we begin by considering appellant's second assignment of error. Appellant contends that the lower court erred when it allowed Officer Reed to repeat statements made by a witness at the scene of the accident. Appellant argues that the witness's statements fit the definition of hearsay set forth in Evid. R. 801(C), which states:

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid. R. 801(C).

However, a close review of the transcript in this case shows that when Officer Reed testified about the witness's statements he did so to substantiate that he had reasonable grounds to arrest appellant for driving under the influence of alcohol. Ohio courts have previously allowed police officers to testify about statements made by informants to police officers to demonstrate why the police officers acted in a particular manner. The reason given for these rulings is that the informant's statements are not relayed for the truth of the matter asserted, but are relayed to show that the officer had probable cause to make an arrest. See, *e.g., State* v. *Congeni* (1981), 3 Ohio App. 3d 392, 398. We believe this situation is analogous to that of a police officer relaying an informant's statements and apply the same rule to find appellant's second assignment of error not well-taken.

We next consider appellant's first assignment of error which, in essence, asserts that appellant was entitled to judgment because appellant was able to demonstrate that Officer Reed had no reasonable grounds for arresting appellant and that the officer with the responsibility of administering the breath test failed to follow proper testing procedures. As can be seen from the portion of R.C. 4511.191 previously quoted, appellant's challenge to the revocation of his driver's license was limited to one of four grounds: "(1) whether the officer had reasonable ground to believe appellant was operating a vehicle on public highways in Ohio under the influence of alcohol;

"(2) whether appellant was placed under arrest;

"(3) whether a chemical test offered by an officer was refused by appellant; and

"(4) whether appellant was fully informed of the consequences which would result from his

refusal to submit to a chemical test." R.C. 4511.191(F).

Appellant's first argument under this assignment of error therefore clearly falls within one of the four grounds for a challenge.

In order to determine whether the lower court's ruling that Officer Reed has reasonable grounds to arrest appellant is supported by competent, credible evidence, this court will apply a "totality of the circumstances" test. Appellant asserts that there is not enough evidence or circumstances in this case to support Officer Reed's arrest of appellant. Appellant points out that Officer Reed did not observe appellant driving, that appellant did not perform poorly on the coin retrieval test administered by Officer Reed as part of a field test, that appellant was able to walk a line when requested by Officer Reed, but was a little unsteady, that while Officer Reed observed some smell of intoxicant about appellant, there was not a strong odor, and that appellant's eyes were glassy and bloodshot. Appellant asserts that these symptoms, standing alone, do not reach the level of proof required to demonstrate that Officer Reed had reasonable grounds to arrest appellant. However, our review of the record reveals that appellant's speech was slurred, his eyes were bloodshot and glassy, his breath smelled of intoxicants, he had unsteady coordination upon observation at the scene of the accident, and Officer Reed spoke with witnesses at the scene who indicated appellant's driving had been erratic. Viewing all these facts and circumstances together, we find that there is some competent, credible evidence to support the lower court's ruling that Officer Reed had reasonable grounds to arrest appellant.

Appellant's second assertion in this assignment of error, that appellant is entitled to judgment because of a failure by the police officers responsible to administering the chemical test to comply with proper testing procedures, is also unpersuasive for the following reasons. Appellant asserts that there is a requirement that the officer administering the chemical test engage in a twenty minute period of observation before offering the chemical test to the subject. Apparently, appellant is relying upon a section of the test report form used to record the results of a breath test which includes a three-part operational checklist. The first portion of the checklist reads: "1. Observe subject for twenty minutes prior to testing to prevent oral intake of any material." Appellant's reliance is misplaced, since there is no requirement in R.C. 4511.191(F)

that the issue of the twenty minute observation be considered. While appellant's objection regarding the twenty minute observation might apply to the admission of test results in a 4511.19 proceeding, it is not applicable to a proceeding under the section involved in a license revocation. As previously noted, R.C. 4511.191(F) sets forth the only four criteria which may be considered on appeal of a license revocation. Accordingly, appellant's first assignment of error is found not well-take.

Appellant's final assignment of error contends that the lower court infringed upon appellant's Fifth Amendment right not to testify when the lower court refused to grant further continuance at the May 16, 1989 hearing. Our standard of review for this assignment of error is an abuse of discretion standard. See C.P. Sup. R. 7(A).

Our review of the record in this case reveals that the lower court did not abuse its discretion when it denied appellant's final request for a further continuance. Appellant's hearing had been continued two times because of appellant's health problems. When the hearing finally did commence on April 11, 1989, appellant was granted a third continuance at the conclusion of Officer Reed's testimony. As was discussed in the facts, the third continuance was granted upon appellant's representation to the court that a proceeding set for trial in the Toledo Municipal Court relating to criminal charges filed because of appellant's involvement in the accident would occur before the May 16, 1989 date which was set for the continuance. Appellant indicated he wished to be able to testify on his own behalf in the civil proceeding associated with the suspension of his driver's license, without any fear that his testimony could be used against him in the criminal proceeding in the Toledo Municipal Court. When appellant appeared in the lower court on May 16, 1989, he immediately made another motion for a continuance, representing to the Maumee Municipal Court that the proceedings in the Toledo Municipal Court had been rescheduled for a later date. A lengthy discussion between the judge and appellant's counsel followed, in which the judge indicated a willingness to allow appellant's counsel to contract the prosecutor in charge of the proceedings pending in the Toledo Municipal Court to arrange an agreement that any testimony given by appellant in the Maumee Municipal Court would not be used against appellant in the criminal proceedings. Appellant's counsel declined to make those

arrangements by telephone. The Maumee Municipal Court judge correctly concluded that appellant was not compelled to testify if the hearing proceeded as scheduled. Appellant had ample *opportunity to make arrangements* with the prosecutor regarding the Toledo Municipal Court case prior to the hearing on May 16, 1989, in the Maumee Municipal Court. Appellant was not compelled to testify, therefore his right to remain silent was not violated. The lower court did not abuse its discretion in denying a further continuance. Appellant's third assignment of error is not well-taken.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER, J., and ABOOD, J., concur.

---

[1] R.C. 4511.191 has since been amended. The new version is not applicable in this case.